UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT THORPE,

    Plaintiff,

Case No. 07-13408

v.

Honorable Sean F. Cox
United States District Court

OFFICER CHARLES MELKI,
and OFFICER LYNN SABIN, in their
individual capacities, jointly and
severally,

    Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* [Doc. No. 59]

On April 30, 2009, Defendants Charles Melki and Lynn Sabin filed their "Motion *in Limine* Permitting Defendants to Introduce Evidence of Binding Admissions Made by Plaintiff's Counsel." [Doc. No. 59]. Defendants seek an order from this Court permitting them to introduce evidence of what they claim are "binding admissions made by Plaintiff's counsel" at Plaintiff Pat Thorpe's criminal trial in the 67th District Court of Michigan on March 29, 2005. [Doc. No 59, p.1].

During closing arguments in Thorpe's criminal trial, Thorpe's counsel, Ina R. O'Briant, who is also counsel for Thorpe in the instant action, made the following statement:

> Yes, she [Thorpe] said that she was tackled and that was an embellishment.
> Hogtying, that was an embellishment.

[Doc. No. 59, Ex. A, Jury Trial Tr., p.61]. Melki and Sabin argue that this is a factual admission

1

made by Thorpe's counsel, which is relevant under FED. R. EVID. 401 and binding on Thorpe in this proceeding. In support of this argument, Melki and Sabin rely upon *United States v. Owens Contracting Service*, 884 F.Supp. 1095, 1108 (E.D. Mich. 1994). In their reply brief [Doc. No. 88], Melki and Sabin also argue for the first time that "the entirety of Plaintiff's criminal trial transcript has been stipulated to as an exhibit in this case." [Doc. No. 88, p.2].

Thorpe argues that her counsel's statement during closing arguments was opinion, not a factual admission. Thorpe also argues that the Court should disallow this evidence under FED. R. EVID. 403. [Doc. No. 82, pp.1-2].

A review of the First Amended Joint Final Pre-Trial Order [Doc. No. 54], as discussed at oral argument, reveals that the parties did not stipulate to the admission of the entire criminal trial transcript, but rather only excerpts from those transcripts. *See* Doc. No. 54, p.16 ("Excerpts from Transcripts from all court proceedings. . . that contain prior statements made by the parties to this action" listed as Plaintiff's Proposed Exhibit 1); p.17 ("Excerpts of Plaintiff's Criminal Testimony" listed as Defendant's Proposed Exhibit 4). As such, the statements made by Plaintiff's counsel at the criminal trial have not been stipulated to as evidence in this action.

The Court finds that Defendants Melki and Sabin have not provided authority that Ms. O'Briant's statements during closing argument in the prior criminal trial are "admissions." *Owens Contracting* does not support the proposition that statements by counsel during closing arguments constitute a binding admission. Melki and Sabin have offered no additional case law to support their argument that statements by counsel during closing arguments constitute binding admissions.

Black's Law Dictionary defines an "admission" as "any statement or assertion made by a

party to a case and offered against that party; an acknowledgment that facts are true." Black's Law Dictionary (8th ed., 2004), admission. When viewed in their context, O'Briant's comments during closing arguments at Thorpe's criminal trial do not constitute an "acknowledgement" that Thorpe's testimony was somehow embellished or misleading. On the contrary, O'Briant was commenting on how consistent Thorpe's testimony was, in the face of cross-examination by the City Attorney, Steven Iamarino.[1] In this context, O'Briant's comments are not an admission.

Further, even if the statements in question did constitute an admission on Plaintiff's behalf, the Court precludes their admission under FED. R. EVID. 403. That rule states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

This Court finds that allowing Ms. O'Briant's argument/isolated comment in the prior criminal trial that Plaintiff "embellished" her testimony would be unfairly prejudice Plaintiff's case before the jury selected in the instant case.

For this reasons, the Court will **DENY** the Defendant's Motion *in limine* [Doc. No. 59] **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: May 13, 2009

S/ Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT COURT JUDGE

---

[1] "Pat Thorpe's testimony never changed, no matter how many different ways Mr. Iamarino asked her the question, her statement stayed the same. Yes, she said that she was tackled and that was an embellishment. Hogtying, that was an embellishment. But come on, two - - those were two very minute details when you compare everything else." [Doc. No. 59, Ex. A, Jury Trial Tr., p.61].

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT THORPE,

    Plaintiff,                                         Case No. 07-13408

v.                                                  Honorable Sean F. Cox
                                                    United States District Court
OFFICER CHARLES MELKI,
and OFFICER LYNN SABIN, in their
individual capacities, jointly and
severally,

    Defendants.
_____/

## PROOF OF SERVICE

       I hereby certify that on May 13, 2009, a copy of the above document was served upon counsel of record via electronic means.

                                                         s/J. Hernandez
                                                Case Manager to
                                                Sean F. Cox