UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT THORPE,    Case No. 07-13408

    Plaintiff,    Honorable Sean F. Cox
United States District Judge

v.

OFFICER CHARLES MELKI and
OFFICER LYNN SABIN, in their official
and individual capacities, jointly and
severally,

    Defendants.
_____/

OPINION & ORDER

This matter is before the Court on Defendants' Objections to the Bill of Taxable Costs [Doc. No. 112]. For the following reasons, the Court **GRANTS** Defendant's Objections to Bill of Taxable Costs. Plaintiff is taxed costs in the amount of $3,912.06.

BACKGROUND

The underlying facts of this case are sufficiently set forth in the parties' Trial Briefs [Doc. Nos. 65, 72]. Following a jury trial that ended in the Defendants' favor, Defendants filed a Bill of Costs [Doc. No. 110] on July 2, 2009. After reviewing the Defendants' Bill of Costs, the Clerk taxed costs in the amount of $20.00 [*See* Doc. No. 111]. Defendants filed their Objection to the Bill of Taxable Costs [Doc. No. 112] on July 14, 2009.

Defendant objects to: 1) a charge of only $20.00 in taxable costs being assessed for fees of the clerk pursuant to 28 U.S.C. § 1920(1), as opposed to $30.00; 2) the taxation clerk's denial of Defendant's claim for $2,712.40 in court reporter fees sought pursuant to 28 U.S.C. §

1

1920(2); 3) the taxation clerk's denial of $80.00 in witness fees sought pursuant to 28 U.S.C. § 1920(3); and 4) the taxation clerk's denial of $1,080.66 in copy expenses sought pursuant to 28 U.S.C. § 1920(4).

To date, Plaintiff has not filed an objection to Defendant's Bill of Taxable Costs [Doc. No. 110], nor has Plaintiff filed a response to Defendant's Objection to the Bill of Taxable Costs [Doc. No. 112].

## STANDARD OF REVIEW

The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BTD Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Further, the Court may interpret the meaning of items listed in § 1920. *Id*. The party objecting to the costs has the burden of persuading the court that they are improper. *Id*. at 420.

## ANALYSIS

I. Fees of the Clerk

In their originally-filed Bill of Costs [Doc. No. 110], Defendants sought $30.00 for four depositions read into evidence at trial. The taxation clerk permitted $20.00 pursuant to 28 U.S.C. § 1920(5) and 20 U.S.C. § 1923(a), but disallowed $10.00, noting that the "Bill of Costs [] does not document which four depositions were admitted, nor the dates when they were specifically used at trial and/or which motion(s) those depositions support." [Def.'s Ex. 4, p.2].

As part of their Exhibit A to the Bill of Costs - which was referenced but inadvertently left off as an attachment to the Bill of Costs - Defendants attached the Trial Exhibit List, which listed the depositions of Stephen Iamarino, Charles Melki, Linwood Sabin and Pat Thorpe as Exhibits K through N. [Doc. No. 110, Ex. 2, p.3]. These four depositions were admitted as evidence in trial on May 13, 2009 and portions of these depositions were also read into the record for impeachment or rehabilitation purposes on May 13, 14, 20, 21, 22, and 26, 2009. As such, the Court finds that Defendants are entitled to $30.00 in fees paid to the clerk.

II. Court Reporter Fees

In their originally-filed Bill of Costs [Doc. No. 110], Defendants sought $2,721.40 in court reporter fees "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2). The taxation clerk denied those costs "because the specific use of the transcripts was not documented." [Def.'s Ex. 4, Doc. No. 112, p.2]. While true due to Defendant's inadvertent omission of Exhibit A to their Bill of Costs [Doc. No. 110], Defendant has now provided this information. [*See* Doc. No. 112, Ex. 3].

Specifically, Defendant's Exhibit 3 establishes the amount of $2,721.40 as fees paid to the court reporter, and provides the dates these depositions were admitted into evidence at trial -

May 13, 14, 20-22, and 26, 2009. [Def.'s Ex. 3, Doc. No. 112]. Further, the depositions of Melki, Sabin, and Thorpe were all used as exhibits in Defendants' August 22, 2008 Motion for Summary Judgment [Doc. No. 29].

As such, the Court finds that the court reporter fees requested in Defendant's Bill of Costs to be taxable pursuant to 28 U.S.C. § 1920(2) as the transcripts provided by the court reporter were "necessarily obtained for use in the case." Thus, the Court finds that Defendants are entitled to $2,721.40 in taxable court reporter fees.

III. Witness Fees

In their originally-filed Bill of Costs [Doc. No. 110], Defendants sought $80.00 for the witness fees paid to Drs. Drouillard and Forman for their *de bene esse* depositions taken on April 27, 2009 and May 6, 2009, both of which were read into the record on May 26, 2009. The taxation clerk denied those costs as "[n]ot taxable under the criteria outlined in the Bill of Cost Handbook, Section II,C." [Def.'s Ex. 4, Doc. No. 112, p.2].

While section II(C)(2)(b) of the Eastern District of Michigan's Bill of Costs Handbook does state that "[c]ompensation paid to an expert witness in excess of the statutory fees" is not taxable as a cost, section II(C)(1)(a) allows for attendance fees to be charged for witness testimony, but "only for the day(s) a witness testifies." Furthermore, according to that section, the attendance fee in section II(C)(1)(a) is currently taxed at $40.00. In this case, Defendants seek attendance fees for two doctors' *de bene esse* depositions, both of which were read into the record at trial on May 26, 2009.

As such, the Court finds that the witness fees requested in Defendant's Bill of Costs to be taxable pursuant to 28 U.S.C. § 1920(3). Thus, the Court finds that Defendants are entitled to

4

$80.00 in taxable witness fees.

    IV.  Exemplification and Copy Fees

In their originally-filed Bill of Costs [Doc. No. 110], Defendants sought $1,080.66 for exemplification and copy fees.  The taxation clerk denied these costs as "[n]ot taxable without a Court order." [Def.'s Ex. 4, Doc. No. 112, p.2].

A review of Defendant's Exhibit A to their original Bill of Costs - again, inadvertently not attached to their Bill of Costs - shows that Defendant only seeks reimbursement for copy fees "for documents necessarily obtained for use in this case, as each of the requested charges seeks reimbursement for admitted exhibits and key impeachment evidence." [Def.'s Objection, Doc. No. 112, p.5].  Other copy charges incurred by the Defendants have not been requested as taxed costs.  The Court finds that Defendants' request for $1,080.66 to be fees for "exemplification and copies of papers necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(4).  Thus, the Court finds that Defendants are entitled to $1,080.66 in taxable exemplification and copy fees.

## CONCLUSION

For these foregoing reasons, the Court **GRANTS** the Defendants' Objections to Bill of Taxable Costs [Doc. No. 112].  Plaintiff is taxed costs in the amount of $3,912.06.

    **IT IS SO ORDERED**.

                        s/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated:  November 18, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT THORPE,　　　　　　　　　　　　　　Case No. 07-13408

　　　　　Plaintiff,　　　　　　　　　　　　Honorable Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

OFFICER CHARLES MELKI and
OFFICER LYNN SABIN, in their official
and individual capacities, jointly and
severally,

　　　　　Defendants.
_____/

PROOF OF SERVICE

　　　I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2009, by electronic and/or ordinary mail.

　　　　　　　　　　s/Jennifer Hernandez
　　　　　　　　　　Case Manager